A. WENTWORTH ERICKSON, Respondent, *v.* SYLVANUS J. MACY, Appellant.

**Limitation of actions — invalid service of summons by publication while defendant was in military service does not affect Statute of Limitations.**

The six years prescribed by the Statute of Limitations within which an action might be brought upon a demand note would have expired on June 29, 1918, but because the defendant was then engaged in the military service of the United States it was extended until his discharge on August 8, 1919, but this action was not commenced until September 24, 1921. Plaintiff claims that an action to recover on this note was commenced within the time limited therefor, which action was not terminated by voluntary discontinuance, by dismissal for neglect to prosecute or by judgment on the merits; that on July 16, 1918, in an action to recover on the same note plaintiff obtained an order for the service of the summons by publication upon the defendant outside the state of New York; that it was mailed to him and proper publication had and judgment thereafter entered against him by default. Subsequently defendant moved to vacate the order of publication; this relief was refused both by the Special Term and the Appellate Division but on appeal to this court it was granted on the ground that the judge who granted the order was without authority

or jurisdiction to act. It follows, therefore, that no action to collect the note in question has been commenced within the time limited by statute.

*Erickson* v. *Macy,* 204 App. Div. 856, reversed.

(Argued June 8, 1923; decided July 13, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 22, 1922, affirming a judgment in favor of plaintiff entered upon the report of a referee.

*Eugene Van Voorhis* and *William A. Wheeler* for appellant. The Statute of Limitations is a bar to this action, and the referee was in error in holding that a former action between the parties hereto, for the same cause, was commenced within the time limited therefor under the provision of section 405 of the Code of Civil Procedure. To obtain the benefit of this section it is an indispensable requirement that a prior action between the same parties for the same cause must have been commenced. (*Erickson* v. *Macy,* 231 N. Y. 86; Code Civ. Pro. § 398; *McClendon* v. *Hernando Phos. Co.,* 100 Ga. 219; *Williamson* v. *Wardlaw,* 46 Ga. 126; *Fernekes Bros.* v. *Case,* 75 Iowa, 152; *O' Neil* v. *Eppler,* 99 Kan. 493; *Hugh* v. *Hernandez,* 25 La. Ann. 360; *Jewett* v. *Greene,* 8 Me. 447; *Detroit Free Press Co.* v. *Bagg,* 78 Mich. 650; *Allen* v. *Mandeville,* 26 Miss. 397; *Conrad* v. *McCall,* 226 S. W. Rep. 265; *East Tenn. Coal Co.* v. *Daniel,* 100 Tenn. 65; *Moulton* v. *Williams,* 101 Wis. 236.)

*Willis A. Matson* for respondent. This action is saved from the bar of the Statute of Limitations by reason of the provisions of section 405 of the Code of Civil Procedure. (*Matter of Doey* v. *Holland,* 224 N. Y. 30; *Matter of Walker,* 136 N. Y. 20; *Chemung Canal Bank* v. *Judson,* 8 N. Y. 254; *Risley* v. *Phœnix Bank,* 83 N. Y. 318; *Losey* v. *Stanley,* 147 N. Y. 560; Black on Judgments, § 170; *Sweeting* v. *S. I. & M. R. Co.,* 176 App. Div. 494; *Ketterman* v. *D. F. R. Co.,* 48 W. Va. 606; *Park & Pollard Co.* v. *I. F. Ins. Co.,* 197 App. Div. 671.)

ANDREWS, J. This action was begun September 24, 1921, to collect a demand note executed June 29, 1912. The six years limited by statute within which an action might be brought thereon would have expired on June 29, 1918, but because the defendant was then engaged in the military service of the United States it was extended until his discharge on August 8, 1919. As this action was not begun before that date no recovery is possible unless permitted under some other provision of law. That is the plaintiff's claim. He says an action was commenced within the time limited therefor; it was terminated, not by voluntary discontinuance, by dismissal for neglect to prosecute, or by a final judgment on the merits; that a year from such termination had not expired on September 24, 1921, and that, therefore, he has sued in time. (Code Civ. Pro. § 405.)

Assuming these premises the conclusion follows. Was, however, any prior action ever commenced against the defendant? The facts bearing upon this question are not in dispute. On July 16, 1918, in an action to recover on this same note, this plaintiff obtained an order for the service of the summons by publication upon the defendant outside the state of New York. It was mailed to him and the proper publications were had. On January 2, 1920, judgment was entered against him by default. On the 13th of February he moved to vacate the order of publication. This relief was refused both by the Special Term and by the Appellate Division but it was granted on appeal to this court on April 20, 1921. We held that the judge who granted the order of publication was without authority or jurisdiction to act. The order was void from the beginning. (*Chemung Canal Bank* v. *Judson,* 8 N. Y. 254.)

What is the commencement of an action within the meaning of any statute regarding limitations is defined by sections 398 and 399 of the Code (now Civ. Prac. Act, §§ 16 and 17). An action is commenced against a

defendant when the summons is served upon him or when an attempt is made to commence it by delivering a summons to the sheriff for service and service is either actually made personally within sixty days or publication is begun within that time pursuant to an order. Here no pretense is made of personal service. No publication was had pursuant to an order. The paper purporting to authorize the publication was no order. It had no force, no effect. It authorized nothing.

The language of the Code is too clear for argument. There is no room for construction. Ordinarily the six years' Statute of Limitations applies to such actions as the present. There is one exception expressed in unmistakable terms. Should there be others it is for the legislature to say so. We may not. No action has ever been commenced against this defendant within the time limited by the statute.

This result has support by decisions in other jurisdictions. (*Detroit Free Press Co.* v. *Bagg*, 78 Mich. 650; *Mariner* v. *Town of Waterloo*, 75 Wis. 438; *McClendon & Co.* v. *Hernando Phosphate Co.*, 100 Ga. 219; *Fernekes & Bros.* v. *Case*, 75 Ia. 152; *O'Neil* v. *Eppler*, 99 Kan. 493.)

The cases chiefly relied upon by the appellant are not in conflict with the conclusion we have reached. In *M'Cormick* v. *Eliot* (43 Fed. Rep. 469) the court deals with a statute containing broader language than our own. In Massachusetts, unlike New York, an action is duly commenced by suing out a writ and putting it in the hands of an officer for service. If thereafter by reason of unavoidable accident or by default or neglect of the officer or if the writ is thereafter abated or the action avoided for certain reasons the plaintiff may begin a new action within a year. With us the action is not commenced unless there is service of the summons. In *Gaines* v. *City of New York* (215 N. Y. 533) the action was begun by actual service. Thereafter it failed because the court had no jurisdiction of the defendant. As we

pointed out the situation was covered by the literal language of section 405. The dismissal on the ground stated did not render void all the proceedings in the action. " Such an action has at least some of the consequences of an action begun in a court of competent jurisdiction." The court may render judgment for costs. " For some purposes, therefore, we may speak of an action as pending, though the court is without jurisdiction to adjudicate its merits." The determination dismissing the cause is a judgment. If the first action had resulted in a judgment for the plaintiff which had been reversed on appeal ." it would be a strained use of language to say that no action had ever been begun. A suitor who invokes in good faith the aid of a court of justice and who initiates a proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, although he has mistaken his forum." We then cited a number of precedents in other jurisdictions and said that in them the statute was held to be suspended though the earlier action was dismissed for lack of jurisdiction either of the subject-matter or of the person. In all of them, however, an action had been begun. Service had been made. The plaintiff had been defeated. In none had no service been made. In none was no defendant before the court and jurisdiction lacking for that reason. All that we referred to by our passing reference to jurisdiction of the person was that class of cases where although brought into court for one reason or another no judgment might be rendered against the defendant.

The judgments appealed from must be reversed and complaint dismissed and a judgment in favor of the defendant granted, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur; POUND, J., dissents.

Judgments reversed, etc.