■ DONALD V. NAPLES, Respondent, v. JANESVILLE APPAREL Co., Appellant, et al., Defendants.— Appeal from so much of an order of the Supreme Court, Richmond County, dated April 6, 1967, as denied appellant's motion to sever the action as to it, to dismiss the action and to vacate service of the summons upon it, on the ground of lack of jurisdiction over it. Order reversed insofar as appealed from, on the law, with $10 costs and disbursements, and motion granted. The findings of fact are affirmed. Appellant, a Wisconsin corporation, manufactured a fireman's "turn-out" coat which plaintiff, a New York City fireman, purchased in New York from defendant Henry E. Bertram & Son, Inc., a domestic corporation. Plaintiff, who was injured while fighting a fire in New York City in the course of his duties, alleges that the coat was so improperly made as not to afford him proper and adequate protection from the effects of fire and heat and that he was not warned of the inadequacies of the coat. He charges appellant with negligence in manufacturing a defective product and with breach of warranty of fitness for the use intended. It is not disputed that appellant advertised its product in at least one magazine which was published in New York and widely read in firemanic circles throughout the country. In our opinion this does not constitute the transaction of "any business within the state" (CPLR 302, subd. [a], par. 1; cf. *McKee Elec. Co.* v. *Rauland-Borg Corp.,* 20 N Y 2d 377, 383). We do not regard the unexplained presence of the coat in New York as showing that appellant had sent it into this State in response to an order received from here; under CPLR 302 as it existed at the time the action was commenced, it would be equally as reasonable to infer that appellant had shipped it to a wholesaler or distributor in some other State in response to an order received therefrom. That such wholesaler or distributor might thereafter have shipped the coat into this State in response to an order from within this State does not, in our opinion, constitute purposeful activity by appellant within this State (cf. *Kramer* v. *Vogl,* 17 N Y 2d 27, 31–32). Beldock, P. J., Brennan, Rabin and Munder, JJ., concur; Benjamin, J., dissents and votes to affirm the order, with the following memorandum: Plaintiff, a fireman, was hurt while fighting a fire on March 6, 1964. On March 4, 1965 he served a summons, without a complaint, on appellant in Wisconsin. On October 29, 1966, pursuant to leave granted by the court, he served a complaint on appellant. The complaint alleged that the fireman's coat was manufactured by appellant, a Wisconsin corporation, and was bought by plaintiff in New York from a New York corporation. On November 14, 1966 appellant moved, before answer, to dismiss the complaint as to it on the ground of lack of personal jurisdiction. Its brief moving affidavit stated that it is a Wisconsin corporation, with its place of business in Wisconsin; that it has no plant, office, employees or real

estate in New York; and that it is not authorized to do business in New York and has never done business in New York. The affidavit did not say whether appellant ships its product into New York, did not say that it had not shipped its product to the New York company that sold it to plaintiff, and did not say how its product had come into the possession of the New York company. An opposing affidavit by plaintiff's attorney pointed out that appellant's affidavit did not say how its product had gotten to the New York company that sold it to plaintiff; it further said that appellant advertises its product in at least one magazine which is published and circulated in New York. On this record, and in this posture of the case, I think Special Term's order denying appellant's motion to dismiss the complaint should be affirmed. It now seems to be settled that advertising in New York, coupled with the shipment of goods into this State, constitutes the transaction of business within the State under CPLR 302 (subd. [a], par. 1) (*Singer* v. *Walker*, 15 N Y 2d 443; McKinney's Cons. Laws of N. Y., Book 7B, Supplementary Practice Commentary [1966] eto CPLR 302; cf. *Kramer* v. *Vogl*, 17 N Y 2d 27, 31). In this case it is undisputed that appellant advertised in New York and its product was bought in New York. Because appellant has carefully refrained from disclosing (a) whether it ships its product into New York and (b) how its product had come into the possession of the New York company that sold it to the plaintiff, the record does not now disclose that information. In this posture of the case and for the purposes of this motion to dismiss, I think we may and should reasonably infer that appellant's product was shipped by it to the New York company that sold it to plaintiff. On the basis of that inference and the undisputed fact that appellant advertised in New York, the service of the summons in Wisconsin may be deemed to have conferred on the New York court personal jurisdiction over appellant (see authorities cited *supra*). Hence, I think the action should be left standing, at least until the facts concerning appellant's shipment or nonshipment of goods into New York have been developed at a pretrial examination or at the trial itself. If it were assumed, *arguendo,* that the record is now so incomplete that it cannot support an inference that appellant shipped goods into New York, we should not reverse and dismiss the complaint, but should instead remit the case to Special Term for further development of the record on that point (see *Johnson* v. *Equitable Life Assur. Soc. of U. S.,* 16 N Y 2d 1067). Parenthetically, it may also be noted that the normal Statute of Limitations has now run; and it is perhaps questionable whether plaintiff is entitled to the six months' extension of time to bring a new action (under CPLR 205) where the dismissal was for lack of personal jurisdiction (see *Erickson* v. *Macy,* 236 N. Y. 412; McKinney's Cons. Laws of N. Y., Book 7B, Supplementary Practice Commentary [1964] to CPLR 205). This is of interest here because of the facts that (a) the summons was served on March 4, 1965; (b) on September 1, 1966, CPLR 302 (subd. [a], par. 3) became effective and that paragraph broadened our personal jurisdiction over nonresidents so as to include torts committed without the State which caused injuries within the State; and (c) if the summons had been served on appellant between September 1, 1966 and March 6, 1967, the action would have been timely brought and personal jurisdiction of appellant would clearly have been acquired under CPLR 302 (subd. [a], par. 3).