■ SARA BRAUN et al., Respondents, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER et al., Defendants, and LAWRENCE ZINGESSER, Appellant. — In a medical malpractice action, defendant Zingesser appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated April 16, 1981, as, after a hearing, granted that portion of plaintiffs' motion which sought to strike his first affirmative defense (lack of personal jurisdiction) and denied that portion of his cross motion which sought to dismiss the complaint on the same jurisdictional ground. Order reversed insofar as appealed from, on the law, without costs or disbursements, plaintiffs' motion is denied to the extent that it seeks to strike defendant Zingesser's first affirmative defense, said defendant's cross motion is granted to the extent that it seeks dismissal of the complaint for lack of personal jurisdiction, and the action is severed and the complaint dismissed as to defendant Zingesser. On April 18, 1980, at approximately 3:15 P.M., plaintiffs' process server arrived at defendant Dr. Lawrence Zingesser's apartment building for the purpose of serving the summons and complaint in this action. There was a doorman on duty in the lobby who did not permit the process server access beyond that point. The doorman rang Dr. Zingesser's bell and informed the process server that there was no answer, but advised him that he could accept delivery of the papers. The summons and complaint were left with the doorman, who signed a receipt. Copies were then mailed to the doctor at his apartment. The doorman had been employed in his position at Dr. Zingesser's building for seven years, and had known the doctor as a tenant for four years. His regular duties included receiving packages and parcels for tenants, which he had frequently done for Dr. Zingesser. Nevertheless, the doorman had never received instructions from the doctor to accept service of process on his behalf. CPLR 308 (subd 2) authorizes personal service of process on a natural person "by delivering the summons within the state to a person of suitable age and discretion at the actual * * * dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence". This method of personal service may be effected without first attempting to deliver the summons personally within the State to the person to be served (CPLR 308, subd 1). (*Feinstein v Bergner,* 48 NY2d 234, 240.) In the instant case, two of the requirements under CPLR 308 (subd 2) must be considered: (1) whether the summons was delivered to the actual dwelling place or usual place of abode of Dr. Zingesser; and (2) whether it was delivered

to a person of suitable age and discretion. As to the first requirement, where, as here, a process server is prohibited by an apartment house doorman from proceeding to the actual apartment of the person to be served, the outer bounds of the actual dwelling place or usual abode must be deemed to extend to the location at which the process server's progress is arrested. In this instance, that location was the lobby of the apartment house. (*duPont, Glore Forgan & Co. v Chen,* 41 NY2d 794, 797-798.) As to the second requirement, where, as here, an apartment house doorman accepts service of process for a tenant, he must be proven not only to have functioned according to the regular duties of a doorman, viz., screening callers, announcing visitors and accepting messages and packages for tenants, but, also to have functioned, beyond his regular duties, as a responsible communicator with the person sought to be served. (*duPont, Glore Forgan & Co. v Chen, supra,* p 797.) In the case at bar, although service in the apartment house lobby constituted delivery of the summons at the actual dwelling place or usual place of abode of Dr. Zingesser, the doorman was not a person of "suitable age and discretion". There was no proof on this record that the doorman had acted as a responsible communicator with regard specifically to Dr. Zingesser, except in the discharge of his regular duties as a doorman. Accordingly, we hold that service of process on the doctor was invalid. Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.