OPINION OF THE COURT
Chief Judge Cooke,
When an action that has been timely commenced is later dismissed, CPLR 205 (subd [a]) provides that, even if the Statute of Limitations has or will run, a new action may be commenced within six months of the termination, except if the dismissal was on the merits, for failure to prosecute, or by voluntary discontinuance. An action will not be deemed “commenced,” however, until there has been proper service of a summons upon a defendant in compliance with the appropriate method prescribed by the CPLR. Therefore, when an action is dismissed for lack of personal jurisdiction because service of the summons was defective, or because service never occurred, CPLR 205 (subd [a]) will not apply notwithstanding a defendant’s actual notice, because the action was never “commenced,” within the meaning of that statute.
Milton Markoff was treated by defendant doctors at defendant South Nassau Community Hospital in October, 1978. Eight months after his discharge, Mr. Markoff died, allegedly as a result of defendants’ malpractice. Plaintiff Ruth Markoff, individually and as executrix of the estate of her husband, sought to commence an action for medical malpractice and wrongful death.
On March 19, 1981, following an initial unsuccessful attempt to effect service on July 14, 1980, plaintiff obtained an ex parte order authorizing expedient service upon defendants[1] pursuant to CPLR 308 (subd 5). Pursuant to this, summonses were left for defendants at the hospital on March 30, 1981. Defendants’ answer asserted the defense of lack of personal jurisdiction, and they moved to vacate the ex parte order. Vacatur was granted in May, *287 1981. The action was terminated for lack of personal jurisdiction, due to the absence of any valid service, by an order dated September 23, 1981.
Meanwhile, in late August and early September, 1981, plaintiff had personally served defendants in compliance with CPLR 308 (subd 1). On October 22, 1981, defendants served an answer that raised the Statute of Limitations as a defense. Plaintiff, in turn, notified defendants that they were in default because the answer was untimely. Defendants successfully moved to vacate the default. Defendants also succeeded in having the action dismissed as barred by the Statute of Limitations, notwithstanding plaintiff’s invocation of CPLR 205.
The Appellate Division affirmed the order vacating the ex parte order authorizing expedient service and the order dismissing the complaint as barred by the Statute of Limitations. This court now affirms.
In the present case, the Statutes of Limitations expired in June, 1981, for the wrongful death action and in April, 1981, for the medical malpractice action. Proper service did not occur until the following August and September. Thus, plaintiff’s action is time barred unless she may take advantage of CPLR 205.[2]
CPLR 205 (subd [a]) provides that when “an action is timely commenced” but it is later terminated, the plaintiff may commence a new action within six months after the termination. The new action must arise from the same transaction or occurrence, and the new action must have been timely if it had been commenced when the prior action was instituted. The statute by its express terms provides that it is not applicable when the action is termi *288 nated by voluntary discontinuance, a dismissal for neglect to prosecute, or a final judgment on the merits.
The requisite predicate for the application of CPLR 205 (subd [a]) is that the terminated action must have been “timely commenced” (see Carrick v Central Gen. Hosp., 51 NY2d 242, 250). An action is “commenced,” within the meaning of any statute governing limitation, including CPLR 205 (subd [a]) when there has been service of a summons (see CPLR 203, subd [b]; see, also, Erickson v Macy, 236 NY 412, 414-415). Service is only effective, however, when it is made pursuant to the appropriate method authorized by the CPLR (see Feinstein v Bergner, 48 NY2d 234, 241; McDonald v Ames Supply Co., 22 NY2d 111, 115-116; Braun v St. Vincent’s Hosp. & Med. Center, 87 AD2d 857, 857-858). Actual notice alone will not sustain the service or subject a person to the court’s jurisdiction when there has not been compliance with prescribed conditions of service (see Mullane v Central Hanover Trust Co., 339 US 306; Feinstein v Bergner, 48 NY2d 234, 241, supra; McDonald v Ames Supply Co., 22 NY2d 111, 115-116, supra; CPLR 304).
Therefore, when an action is dismissed for lack of personal jurisdiction due to a lack of or improper service, it has not been “commenced” for purposes of CPLR 205 (subd [a]). This failure precludes the application of the statute (see Carrick v Central Gen. Hosp., 51 NY2d 242, 249, supra; George v Mt. Sinai Hosp., 47 NY2d 170, 175, 178; Erickson v Macy, 236 NY 412, 415-416, supra; Smalley v Hutcheon, 296 NY 68, 73).[3]
In so holding, the court does not create a new exception outside those expressly provided in the statute. Rather, it merely recognizes that timely commencement of the prior action is a condition precedent to the invocation of CPLR 205 (subd [a]), and that an action dismissed for lack of personal jurisdiction based upon improper service has not satisfied that condition.
*289 When the ex parte order authorizing the alternative method of service was vacated here, the service made in March, 1981 was nullified (see Erickson v Macy, 236 NY 412, 414-415, supra). Plaintiff never made a proper service until after the pertinent Statutes of Limitations had run. Consequently, the prior action was never timely commenced and she is barred from taking advantage of CPLR 205 (subd [a]).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Jones, Wachtler, Simons and Kaye concur; Judge Meyer taking no part.
Order affirmed, with costs.

. There is no controversy regarding the validity or the timeliness of service upon the hospital. “Defendants” hereinafter will refer to the defendant doctors only.

. Plaintiff also challenges both the vacatur of service and the vacatur of defendants’ default in answering. Both orders are matters to be determined within the discretion of the Appellate Division. As such, this court may only reverse if the Appellate Division abused its discretion as a matter of law. It was not such an abuse of discretion to affirm the vacatur of the ex parte order authorizing expedient service. The plaintiff’s conclusory affidavit stating that service was impracticable under the other provisions of CPLR 308, without specifying why or that prior attempts were made, was insufficient to justify the order of expedient service under CPLR 308 (subd 5) (see Giordano v McMurtry, 79 AD2d 548, affd 53 NY2d 962; Langdon v Mohr, 67 AD2d 648, 649). Similarly, it was not an abuse of discretion as a matter of law to affirm the vacatur of defendants’ default in answering where the defendants promptly moved for vacatur, presented good cause for the delay, and caused no prejudice to plaintiff (see A & J Concrete Corp. v Arker, 54 NY2d 870, 872).

. To the extent that Amato v Svedi (35 AD2d 672) supports the view that CPLR 205 (subd [a]) does apply if a defendant receives actual notice but there is a technical flaw in the method of service resulting in a dismissal for lack of personal jurisdiction, that decision is in error. A careful reading of Amato reveals that the dismissal there was based upon the absence of subject matter jurisdiction, and the references to a lack of “personal jurisdiction” are inadvertent.