Steven HALMOS, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Jose Arias, Individually, and Roissy Service/Marriott, Defendants.

No. 89 Civ. 5128 (PKL).

United States District Court, S.D. New York.

Dec. 22, 1989.

Reuben Blum, New York City, for plaintiff.

Quirk and Bakalor, P.C., New York City (Jeffrey J. Ellis, Michael W. Hecht, of counsel), for defendant Pan American.

OPINION AND ORDER

LEISURE, District Judge.

This case arises out of a meal on a Pan American World Airways ("Pan Am") flight. On July 29, 1987, Steven Halmos ("Halmos"), plaintiff in this action, was enroute on Pan Am flight 119 from New York to Paris. Halmos indulged in the in-flight food offerings and, sometime after eating, became ill. Halmos alleges that his illness was due to the food that he consumed on the flight. Plaintiff filed this action in this Court on July 27, 1989. Defendant Pan Am moved on November 9, 1989, to dismiss the complaint.[1] On December 6, 1989, plaintiff responded to defendant's motion and also filed an amended complaint which asserted diversity of citi-

---

**1.** Defendants Jose Arias and Roissy Ser- vice/Marriott do not appear in this motion.

zenship as the basis of this Court's jurisdiction. Defendant's reply papers, filed December 12, 1989, address the amended complaint. Pan Am asserts that the amended complaint must be dismissed because, first, there is not complete diversity in this action; second, the action is barred by the applicable statute of limitations; and, third, the Court should reject plaintiff's allegation of damages as intended solely to create jurisdiction. The Court will address each argument in turn.

DISCUSSION

■ The most complicated question raised by defendants is the question of the applicable statute of limitations to be applied to this action. There is no dispute that since the alleged injury occurred aboard an international flight, liability, if any, is controlled by the terms of the Warsaw Convention. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876, *concluded* Oct. 12, 1929; *adhered to by* United States, June 27, 1934, *reprinted in* 49 U.S.C. app. § 1502 note (1982) ("Warsaw Convention").

> The Warsaw Convention is a comprehensive international treaty governing the liability of air carriers engaged in the international transportation of passengers whose purpose is to create uniform rules limiting airline liability for damages resulting from personal injury or property damage.

*Republic National Bank of New York v. Eastern Airlines*, 815 F.2d 232, 236 (2d Cir.1987). One of the restrictions set by the Convention is that a plaintiff wishing recovery must bring their action within two years of "arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." Warsaw Convention, Article 29(1). The Convention expressly states that the calculation of the limitations period is left to the court in which the case is filed. Warsaw Convention, Article 29(2). The Warsaw Convention does not create an independent cause of action for airborne injuries, but simply provides rules for liability in common law

or statutory actions where the underlying incident occurred on an international flight. In the action before the Court, plaintiff claims defendants acted negligently and seeks federal jurisdiction based in diversity of citizenship. Amended Complaint ¶¶ 1, 4.

It thus falls to this Court to calculate the applicable limitations period for a diversity action which falls under the Warsaw Convention. The law on this issue is, fortunately, quite clear. "It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction. State law also determines the related questions of what events serve to commence an action and to toll the statute of limitations in such cases." *Personis v. Oiler*, 889 F.2d 424 (2d Cir.1989); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). *See also Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Accordingly, the law of New York State applies to the determination of the commencement of the action and the tolling of the two year statute of limitations.

■ Under New York law, "An action is commenced ... by service of a summons." N.Y.Civ.Prac.L. & R. ("CPLR") 304 (McKinney 1972). The filing of a complaint, without completed service of a summons, is not sufficient to commence an action. *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 306, 461 N.Y. S.2d 232, 238, 448 N.E.2d 86, 92 (1983). The statute of limitations is not tolled until the summons is served and the action is legally commenced. CPLR 203(b); *Markoff v. South Nassau Community Hospital*, 61 N.Y.2d 283, 288, 473 N.Y.S.2d 766, 768, 461 N.E.2d 1253, 1255 (1984). This is substantially, and for this action, crucially, different from the federal law. When a federal claim is brought in a federal court, commencement is governed by Fed.R. Civ.P. 3 which states, "A civil action is commenced by filing a complaint with the court." Under Rule 3, plaintiff's case

would survive. The alleged injury occurred on a flight on July 29, 1987. Under Article 29 of the Warsaw Convention, plaintiff had two years from that date to commence his action. The complaint in this case was filed on July 27, 1989, two days before the statute of limitations would have expired. Under federal law, plaintiff's case would have met the requirements of Article 29.

But the commencement of this action is controlled by New York law which requires the service of the summons before the action is considered commenced. The survival of this action thus turns on the factual question of the date of service on defendants. On October 13, 1989, plaintiff filed with the clerk of this Court a declaration of service of the original complaint and summons on Pan Am. Affidavit of Reuben Blum, Esq., sworn to on December 4, 1989 ("Blum Aff."), Exhibit A. That declaration indicates that service was accomplished by Ms. Leonora A. Celosse on October 10, 1989.[2] *Id.* Under New York State law, then, this action was not commenced against Pan Am until October 10, 1989. Since the applicable statute of limitation under the Warsaw Convention in this action expired on July 29, 1989, two years after the flight on which the alleged injury occurred, this action was commenced after the statute of limitation had expired, and the action against Pan Am must be dismissed with prejudice.[3]

■ Pan Am further asserts that the complaint must be dismissed because there is not complete diversity in the action. The Court's jurisdiction in a case filed under diversity of citizenship is controlled by 28 U.S.C. § 1332(a): "The district courts shall have original jurisdiction of all civil actions where the matter . . . is between (1) citizens of different States; (2) citizens of a State

and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; . . ." For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). It has long been established that for diversity jurisdiction to exist, there cannot be citizens of the same state on opposing sides in the litigation. *Strawbridge v. Curtiss*, 7 U.S. (Cranch) 267, 2 L.Ed. 435 (1806); Wright, Miller & Cooper, *Federal Practice and Procedure* § 3605. "The general rule requiring complete diversity between opposing parties is explicit and unequivocal . . . 'A cursory review of a hornbook or digest would have revealed [the] jurisdictional defect to [ ] counsel.'" *International Shipping v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir.1989), *cert. denied sub nom. Golub v. Hydra Offshore, Inc*, —— U.S. ——, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989), *quoting International Shipping v. Hydra Offshore, Inc.*, 675 F.Supp. 146, 152 (S.D.N.Y. 1987). Where there is not complete diversity, the Court does not have subject matter jurisdiction over the action, and the complaint must be dismissed.

In the case now before the Court, the plaintiff is a citizen of New York State. Amended Complaint ¶ 1. For purposes of diversity, Pan Am is also a citizen of New York State, having its principal place of business in New York City. *Id.* Since these two New York citizens are opposing parties in this action, there is not complete diversity. Accordingly, this Court does not have subject matter jurisdiction over this action. The fact there are other defendants who are not New York citizens does not salvage the Court's jurisdiction. The

---

**2.** On October 6, 1989, the Clerk's certificate of the mailing of the summons and complaint to defendants Jose Arias and Roissy Service/Marriott was filed. That certificate indicates that mailing was accomplished on October 6, 1989. The return receipt was received by the Court on October 12, 1989. Blum Aff., Exhibit A.

**3.** The Court does not, at this time, take any position on whether the Warsaw Convention

applies to either or both of the other defendants in this action. The Court does note, however, that if plaintiff's action against those defendants is covered by the Warsaw Convention, the same ruling on the statute of limitations would apply since service to those parties was not mailed until October 6, 1989, well after the expiration of the statute of limitations for plaintiff's injuries on July 29, 1989. Blum Aff., Exhibit A.

amended complaint must also be dismissed for lack of subject matter jurisdiction due to a lack of complete diversity.

■ The final ground for dismissal claimed by Pan Am is that plaintiff has failed to allege a sufficient amount in controversy to meet the jurisdictional minimum required in a diversity action. On November 19, 1988, Public Law No. 100–702 went into effect, raising the jurisdictional minimum required for a diversity action from $10,000 to $50,000. The new amount was required for all actions filed on or after the 180th day following the enactment of the law. Accordingly, all diversity actions filed on or after May 19, 1989 must state an amount in controversy greater than $50,000. 28 U.S.C. § 1332(a) (as amended).

The Court must not lightly dismiss a case for failing to meet the jurisdictional minimum. The standard for such a dismissal is quite strict.

> The jurisdictional determination is to be made on the basis of plaintiff's allegations, not on a decision on the merits. Moreover, even where those allegations leave grave doubt as to the likelihood of a recovery of the requisite amount, dismissal is not warranted. Rather, it must appear to a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction.

*Zacharia v. Harbor Island Spa, Inc.,* 684 F.2d 199, 202 (2d Cir.1982) (citations omitted). The Court, in deciding a dismissal motion based on the amount in controversy, may consider allegations that the damages alleged in the complaint were inflated solely to create federal jurisdiction. *Id.* at 202 n. 2.

■ The pleadings of plaintiff in this case are sufficient to meet the amount in controversy requirement of 28 U.S.C. § 1332(a). Plaintiff's original complaint alleged damages "in a sum of excess of Twenty-five thousand dollars ..." Complaint ¶ 4. The amended complaint, in order to meet the technical requirements of the statute, alleged damages "in a sum of excess of Fifty Thousand Dollars ..."

Amended Complaint ¶ 4. The Court finds this switch immaterial. The phrase used in the original complaint, alleging damages in excess of $25,000, can be read to mean any amount more than $25,000, including any amount larger than $50,000. Defendants present no evidence that plaintiff's damages could not, as a matter of law, be less than $50,000. Accordingly, the Court declines to find bad faith on the part of plaintiff in repleading its damages demand. Reviewing the jurisdictional issue based on plaintiff's allegations, the Court finds plaintiff has met the jurisdictional amount in controversy requirement.

## CONCLUSION

Plaintiff's amended complaint filed December 6, 1989 is dismissed in its entirety without prejudice for failure of the subject matter jurisdiction of this Court under 28 U.S.C. § 1332.

Plaintiff's claims against defendant Pan Am are dismissed with prejudice due to the expiration of the statute of limitations under the Warsaw Convention.

SO ORDERED.