Antonio **MARENO, Jr., Plaintiff–Appellant,**

**Antonio Mareno, Sr., Esquire, Appellant,**

**v.**

**JET AVIATION OF AMERICA, INCORPORATED, Defendant–Appellee.**

**No. 1670, Docket 92–7213.**

United States Court of Appeals, Second Circuit.

Argued June 18, 1992.

Decided July 29, 1992.

Antonio Mareno, Sr., Yorktown Heights, N.Y., for appellant.

Kirsten A. Hotchkiss, Roseland, N.J. (Stanley L. Goodman, Grotta, Glassman & Hoffman, Roseland, N.J., of counsel), for defendant-appellee.

Before MESKILL, Chief Judge,
KEARSE and MINER, Circuit Judges.

PER CURIAM:

Plaintiff Antonio Mareno, Jr. (Mareno) and his attorney Antonio Mareno, Sr., Esquire (Mareno, Sr.) appeal from orders of the United States District Court for the Southern District of New York, Broderick, J. Judge Broderick dismissed Mareno's complaint with prejudice, granted defendant Jet Aviation of America, Inc.'s motion for sanctions pursuant to Fed.R.Civ.P. 11, enjoined plaintiff from bringing further actions against defendant or any of its related corporate subsidiaries, officers or employees in any federal or state court in New York predicated upon the alleged termination of plaintiff's employment by defendant and denied plaintiff's motion to remand the case to New York state court.

This is not the first time Judge Broderick or this Court has been faced with the issue of personal jurisdiction over an action by Mareno stemming from his allegedly wrongful discharge by defendant in New Jersey. Mareno originally filed an action in the United States District Court for the Southern District of New York claiming that he had been wrongfully discharged from his employment with defendant in violation of his federal civil rights. Judge Broderick dismissed that action for lack of personal jurisdiction and imposed Rule 11 sanctions on Mareno, Sr. On appeal we upheld the dismissal for lack of personal jurisdiction after a careful analysis of New York's corporate presence doctrine and its longarm statute. *See Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir.1990) (*Mareno I*), *cert. denied,* —— U.S. ——, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). We reversed the award of sanctions, however, because it "was inappropriate in this case and failed to recognize the complexities of New York's long arm jurisprudence." *Id.* at 1047. *But see id.* at 1049 (Van Graafeiland, *J.,* concurring in part and dissenting in part) ("The conduct of plaintiff's attorney evidenced a complete lack of respect for our trial courts. Our condonation of such conduct will only encourage its repetition.").

Undaunted by our affirmance of the dismissal of the complaint, plaintiff commenced a wrongful discharge suit in New York state court based on the same underlying facts as the prior federal action. Defendant removed the case to the United States District Court for the Southern District of New York based on diversity jurisdiction. Judge Broderick once again dismissed the case for lack of personal juris-

diction and again imposed Rule 11 sanctions on Mareno, Sr.

Mareno first argues that dismissal for lack of personal jurisdiction was improper and that the case should be remanded to state court. We affirm the dismissal for lack of personal jurisdiction substantially for the reasons set forth in our prior opinion in *Mareno I,* 910 F.2d at 1045–46. Mareno asserts that he has "newly discovered evidence" that supports jurisdiction over defendant. The "newly discovered evidence," even if admissible and given full weight, would not satisfy Mareno's burden to show personal jurisdiction over defendant in New York.

■ Mareno's reliance on N.Y.C.P.L.R. 205(a) to support jurisdiction over the second suit in New York is completely misplaced. That provision, a tolling statute, does not apply if the first action is dismissed for lack of personal jurisdiction. *See Markoff v. South Nassau Community Hosp.,* 61 N.Y.2d 283, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (1984).

Mareno's arguments in favor of a remand to state court reflect a misunderstanding of the difference between personal jurisdiction and subject matter jurisdiction. The case properly was removed to federal court because there was complete diversity of citizenship between the parties and therefore the case originally could have been brought in the federal forum. *See* 28 U.S.C. §§ 1332, 1441. The case properly was dismissed because there was no personal jurisdiction over defendant in the state of New York.

■ We turn now to the issue of Rule 11 sanctions. Mareno, Sr. argues that the district court abused its discretion in imposing Rule 11 sanctions based on the complaint he filed in state court. "[R]ule 11 deals exclusively with 'the certification flowing from the signature to a pleading, motion, or other paper in a lawsuit', and imposes no continuing duty on the parties or their attorneys." *Stiefvater Real Estate v. Hinsdale,* 812 F.2d 805, 809 (2d Cir.1987) (citation omitted). Accordingly, Rule 11 has no retrospective application to a complaint

filed in state court even if the action subsequently is removed to federal court. *See id. But see Herron v. Jupiter Transp. Co.,* 858 F.2d 332, 336 (6th Cir.1988) ("[U]pon removal of a complaint from state court to federal court, the litigant and the litigant's attorney are under a continuing obligation to conduct a reasonable inquiry into the pleaded facts and law of the action to satisfy the requirements of Fed.R.Civ.P. 11 or otherwise risk sanctions.") (footnote omitted). On the other hand, Rule 11 may apply to papers filed in the federal forum once the action has been removed. For example, as defendant points out, Mareno, Sr. signed papers filed in the federal district court opposing defendant's motion to dismiss and in support of a motion to remand the action to state court. Those papers may have been filed in violation of Rule 11.

■ Although Judge Broderick appears to have been aware of the inapplicability of Rule 11 sanctions to papers originally filed in state court, it is unclear upon which papers he grounded the imposition of sanctions. The judge stated:

The question might be raised as to whether this Court appropriately should apply Rule 11 sanctions to a matter which was begun originally in the State court, where presumably, Rule 11 does not have application.

I find it is appropriate to apply Rule 11, since the action was begun in State court in the face of a clear decision in this court and in the Court of Appeals that there was no personal jurisdiction. It must have been anticipated by Mr. Mareno's attorney that there would be an application to remove. But even if that were not intimated, the bringing of this action was such a direct affront to a final determination in this Court and in the Court of Appeals that the application of Rule 11 is appropriate.

Because it appears that the district court may have relied on an improper basis for

the Rule 11 sanctions—the filing of the action in state court—we vacate the sanctions. However, in light of the frivolous nature of the action, we remand to the district court for reconsideration of the imposition of sanctions.

The district court on remand is free to consider whether sanctions are appropriate under Rule 11 for papers filed in the district court opposing the motion to dismiss or in support of the motion to remand, or under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings in this case.

Defendant has asked us to impose further sanctions against appellants pursuant to 28 U.S.C. § 1927 or Fed.R.App.P. 38. We decline to do so at this time because of the partial (if only temporary) success of the appeal concerning the Rule 11 sanctions.

The judgment of the district court is affirmed in all other respects.