**Antonio MARENO, Jr., Plaintiff,**

**v.**

**JET AVIATION OF AMERICA, INC., subsidiary of Hirschman, AG, Defendant.**

**No. 91 Civ 3445 (VLB).**

United States District Court, S.D. New York.

April 25, 1994.

Antonio Mareno, Yorktown Heights, NY, for plaintiff.

Stanley L. Goodman, Otta, Glassman & Hoffman, New York City, for defendant.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

### I

This case presents the issue of proper treatment of an application for attorney's fees for abuse of the legal process in violation of Fed.R.Civ.P. 11 where made more than one year after a deadline set by the court for such an application.

A claim of improper discharge of plaintiff by defendant, a New Jersey employer, was brought in this court and dismissed for lack of personal jurisdiction; the dismissal was affirmed in *Mareno v. Rowe*, 910 F.2d 1043 (2d Cir.1990), *cert. denied* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). A similar suit was then filed in New York state court and removed to this court on grounds of diversity of citizenship; it also was dismissed for lack of personal jurisdiction; the dismissal was affirmed in *Mareno v. Jet Aviation*, 970 F.2d 1126 (2d Cir.1992), *cert. denied* —— U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993).

Sanctions under Fed.R.Civ.P. 11 were imposed in *Rowe* based on abusive suit in an improper location; the Second Circuit reversed the imposition of sanctions because of the intricacy of applicable jurisdictional law. Similar sanctions were imposed in the current (*Jet Aviation*) lawsuit inasmuch as the issue had already been determined in *Rowe* and hence no confusion could have survived. The Second Circuit reversed the imposition of sanctions because no filing of an inappropriate paper in *federal* court was cited, leaving open upon remand the question of whether a violation of Rule 11 in this court could be shown; the Court of Appeals rejected sanctions under 28 U.S.C. § 1927 because of

plaintiff's partial success in regard to the Rule 11 issue.

After remand in *Jet Aviation,* an order was signed providing that "the defendant [Jet Aviation] may submit a motion for attorney's fees by April 21, 1993 ..." Such a motion has now been filed, dated April 6, 1994 and returnable April 21, 1994, exactly one year after the original court-ordered deadline.

Plaintiff's counsel has submitted a letter response dated April 18, 1994, ending with the following:

> Under the circumstances, I am constrained to regard [plaintiff's counsel's] attempt to revive a dormant claim against me as the plaintiff's attorney as an act of criminal harassment under New York Penal Law.

## II

In 1983, Fed.R.Civ.P. 11 as adopted in 1937 was amended to make the imposition of sanctions for groundless pleadings mandatory where the Rule was violated, rather than discretionary. It was hoped that this would deter abuse of the legal process. Instead, the 1983 rule caused a substantial increase in trial court and appellate litigation over its own application. It became almost routine for opposing litigants to request sanctions against each other. Another concern has been that ready availability of sanction may work against equal access to the courts for those who could neither afford expensive legal services which could be charged to an abusive adversary nor pay fees incurred by a better financed adversary should sanctions be imposed against the less well-funded party. See *Riddick v. Summit House,* 835 F.Supp. 137, 146–47 (S.D.N.Y.1993).

As a result of these and other problems, the Rule was amended in 1993 to eliminate the mandatory requirement of imposition of sanctions contained in the 1989 Rule, and to make other changes designed to limit abuse of the Rule.

As a counterweight to the downgrading of Rule 11 as a major weapon against litigation abuse, the 1993 amendments to the Federal Rules of Civil Procedure gave new emphasis to Rule 1, which since the initial adoption of the Rules has called on courts to construe them to seek the "just, speedy and inexpensive" determination of every action. By amending Rule 1, the revisers recognized its role as the cornerstone of the entire procedure structure, as befits its position at the beginning of the Rules. In addition, the amended Rule 1 states that all of the Rules are to be "administered" as well as "construed" to promote the objectives defined. The mandate to administer all of the Rules as dictated by Rule 1 emphasizes the availability of means other than Rule 11 sanctions to deter abusive litigation, such as prompt dismissal where absence of personal jurisdiction is clear, or use of summary judgment under Fed.R.Civ.P. 56 where appropriate under the standards set forth by the Supreme Court. See *Matsushita Electric Industrial Co. v. Zenith,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (if a claim is "implausible," more evidence than otherwise necessary is required for it to survive under Rule 56).

## III

Against the background of Rule 1 and its 1993 amendments to Fed.R.Civ.P. 11, further pursuit of this litigation one year after the deadline for submitting a request for Rule 11 sanctions, is inappropriate and contrary to the objectives of Rule 1. Defense counsel indicates by letter dated April 20, 1994 that it was his understanding that the briefing schedule was suspended because the possibility of a settlement arose and was discussed by counsel. A suspension of one year, however, cannot reasonably be inferred from settlement possibilities which were allowed to lie fallow for such a period of time. Compare *Wojik v. Postmaster General,* 814 F.Supp. 8 (S.D.N.Y.1993).

Moreover, the defendant has not pointed to any specific improper pleading filed in federal court which would support Rule 11 sanctions under *Mareno v. Jet Aviation,* 970 F.2d 1126, 1128 (2d Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993). It also noted that the amount sought ($7,288.03) is probably less than the cost of further litigation of this matter.

Defendant argues that pursuit of the case in federal court based on an improper state court action which had been removed should be invoked as a basis for sanctions; this is not the occasion to explore the possible application of this doctrine inasmuch as defendant did not give advance notice of the intent to ask for sanctions at that time as now required by the 1993 amendments to Rule 11 which are persuasive when the rule is sought to be applied in 1994. Such collegiality is encouraged by the Rules in accord with what has long been considered professional behavior seeking to avoid the need for unnecessary judicial rulings. Sanctions under 28 U.S.C. § 1927 in this case have also been rejected by the Court of Appeals.

To protect the judgments of this court, which dismissed both the *Rowe* and *Jet Aviation* suits for lack of personal jurisdiction, however, sanctions are appropriate to the extent that it is ordered that no further duplicative suits be brought in New York in either federal or state courts. See 28 U.S.C. § 2283; *Amalgamated Sugar Co v. NL Industries,* 825 F.2d 634 (2d Cir.1987); *Schoolfield v. New York City,* 1992 WL 296691, 1992 U.S.Dist. LEXIS 16069 (S.D.N.Y.1992).

### IV

Both parties have engaged in litigious behavior in this case: defendant by ignoring the April 21, 1993 deadline for the present application for sanctions. Plaintiff has improperly resorted to repetitious lawsuits, ignoring prior dispositive rulings as to jurisdiction.

Plaintiff's counsel, in the letter quoted above, has also threatened to invoke state criminal law as leverage against opposing counsel in a federal lawsuit. Such conduct is reprehensible, and if tolerated, would have a chilling effect on counsel's ability to pursue legitimate arguments on behalf of clients. See *In re Terio,* 158 B.R. 907, 913 (S.D.N.Y. 1993).[1] Such behavior constitutes an improper attempt to bypass the role of the court in which a case is pending as the governor of that litigation, and is not to be tolerated.

I have every confidence that these gentle reminders of the duties of counsel for both parties to the administration of justice will suffice to avoid the need for further action. See *Chemical Bank v. Affiliated,* 154 F.R.D. 91 (Dkt No 87 Civ 0150, SDNY April 7, 1994); *Jones v. Wide World of Cars,* 820 F.Supp. 132, 138–39 (S.D.N.Y.1993); *Roberts v. Lyons,* 131 F.R.D. 75 (E.D.Pa.1990).

If further improper litigious behavior is pursued by either party, relief may be granted under the inherent power of the court to protect its own processes, even if no other specific Rule is applicable. *Chambers v. NASCO,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

This case has been dismissed for lack of personal jurisdiction and that dismissal upheld, it is now closed; jurisdiction is reserved with respect to the order prohibiting further duplicative litigation in state or federal courts in New York.

SO ORDERED.

---

1. See also *Bantam Books v. Sullivan,* 372 U.S. 58, 62 n. 5, 83 S.Ct. 631, 635 n. 5, 9 L.Ed.2d 584 (1963), discussed in *Rattner v. Netburn,* 733 F.Supp. 162, 169 (S.D.N.Y.1989); *Singer v. American Psychological Ass'n,* 1993 WL 307782, *2 (S.D.N.Y.1993); *Geren v. Brookfield Board of Education,* 1992 WL 310578 (Conn.Super.Ct. Oct. 13, 1992).