**Laura BRADIGAN, Petitioner,**

v.

**OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 153, AFL–CIO, Respondent.**

**No. 93–CV–1182.**

United States District Court, N.D. New York.

March 14, 1995.

Law Offices of McGraw & Miles, Syracuse, NY (Gary W. Miles, of counsel), for petitioner.

Lilly & Bienstock, Garden City, NY (Thomas J. Lilly, of counsel), for respondent.

SCULLIN, District Judge.

## DECISION AND ORDER

This matter is before the court on removal from the Supreme Court of the State of New York, County of Oneida, pursuant to 28 U.S.C. § 1441. The respondent seeks dismissal and sanctions. The petitioner requests that the matter be remanded to the state court.

## BACKGROUND

The petitioner, Laura Bradigan, was appointed Director of the Greater Utica Displaced Homemaker Center on April 1, 1991. The Center was a state-funded program supervised and administered by the New York State AFL–CIO through a grant from the New York State Department of Labor. As a condition of the appointment, the petitioner was required to pay dues and become a member of the respondent, Office & Professional Employees International Union, Local 153, AFL–CIO ("the Union").

Problems developed between the petitioner and her employers, namely her direct supervisor, Colleen Gardner ("Gardner"), and the President of New York State AFL–CIO, Edward J. Cleary ("Cleary"). Attempts to get her union representative, Michael Thompson ("Thompson") to address the problem on her behalf were unsuccessful. The petitioner was subsequently informed (on October 7, 1992) that, as a professional employee, the collective bargaining unit and its grievance procedures were not available to her, contrary to earlier assurances by Gardner and Thompson. She was further informed of the

Union's position she had been paying union dues voluntarily. On October 9, 1992, while on sick leave, the petitioner learned she had been terminated. The reason given for the termination was that the petitioner's job performance was unsatisfactory.

In December, 1992, the petitioner commenced an Article 78 special proceeding against the Union in the Supreme Court of the State of New York, Oneida County ("state court"), seeking to compel the Union to provide her with the protection and procedures of the collective bargaining unit, and, more specifically, to allow her to file a grievance for wrongful discharge against the New York State AFL–CIO. The special proceeding was removed to this court by the Union in March, 1993. The Union then moved for dismissal pursuant to Fed.R.Civ.P. 12 for insufficiency of process, insufficiency of service of process, and failure to state a cause of action. The petitioner did not challenge the removal, and apparently failed to respond to the Union's motion. The motion was granted and the proceeding dismissed in a brief order by Hon. Neal P. McCurn, District Judge, dated May 20, 1993.[1]

In August, 1993, the petitioner filed an order to show cause in the state court, seeking to have the special proceeding converted to an action at law pursuant to NY CPLR § 103(c), and to have the action proceed as an action in which issue has been joined.[2] The Union promptly removed the matter to this court again, on the ground that the petitioner's claim actually arises under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185). The Union opposes petitioner's application for conversion of the proceeding, and moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, as well as dismissal. Petitioner argues that removal was improper because this court does not have original jurisdiction, and requests that the matter be remanded to state court.

## DISCUSSION

The procedural context of this matter is, to say the least, unusual. The petitioner did

1. Civil case no. 93–CV–0318.

2. Index No. 92–03253–R, R.J.I. No. 32–92–1731.

not make a motion for remand the first time this matter was removed to federal court.[3] Nor did she appeal Judge McCurn's decision to dismiss the proceeding, although it was a final order and therefore appealable to the Second Circuit. *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 444 (2d Cir.), *cert. denied* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968). Instead, after allowing the time for appeal to pass, the petitioner filed this order to show cause in the state court.

■ Before the state court had an opportunity to hold a hearing on the matter, the Union filed with the federal court a petition for removal pursuant to 28 U.S.C. § 1441, resulting in automatic removal to this court. Perhaps the Union was concerned that a defensive response in state court to the petitioner's order to show cause would constitute a waiver of its right to remove the action in the future if the state court converts the action. It would not. *See Hill v. Citicorp*, 804 F.Supp. 514, 517 (S.D.N.Y.1992).

■ Whatever may have motivated the parties to employ these particular tactics, the matter, such as it is, does not belong before this court. "Fundamental to the right of removal is the requirement that there be a case to remove." *MHM Sponsors Co. v. Permanent Mission of Pakistan*, 672 F.Supp. 752, 753 (S.D.N.Y.1987). Unless the prior proceeding is somehow revived and converted into an action at law, there is no action pending in state court which is removable to federal court.[4]

■ Having determined that removal was improper, the court must now determine whether the proper course of action is to remand the matter to the state court, or, as the Union urges in its motion, to dismiss the matter because remand would be futile. The court finds that remand, not dismissal, would be the proper disposition of this matter.

Section 1447(c), 28 U.S.C., states, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded" (emphasis added). The Supreme Court in *Primate Protection League v. Tulane Educ. Fund*, 500 U.S. 72, 86–89, 111 S.Ct. 1700, 1709–10, 114 L.Ed.2d 134 (1991), left open the possibility of a futility exception to this directive where "anticipated barriers to suit in state court [are] sufficiently certain to render a remand futile". *Id.* at 88, 111 S.Ct. at 1710.

Following *Primate Protection League*, the Second Circuit pondered the possibility of applying the futility exception in *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37 (2d Cir. 1991). The court considered that remand might be improper if the state court would be unable to exercise jurisdiction over the claim. The court avoided applying the exception, however, by concluding that it could not be determined with certainty that the federal statute upon which the plaintiff's claim was based would act as a bar to state court jurisdiction in case of a remand. *Id.* at 43.

In the present matter, the petitioner's attempt to convert the special proceeding is made pursuant to a New York procedural rule. While the Second Circuit has not addressed the particular procedure to be followed in such circumstances, the First Circuit has suggested that the proper course of action in such a situation is to remand the matter to the state court. *M.A.I.N. v. Commissioner, Maine Dept. of Human Services*, 876 F.2d 1051, 1055–56 (1st Cir.1989).

The plaintiff in *M.A.I.N.* challenged changes in the rules of a state administrative agency which were enacted to conform with changes in federal regulations implementing a federal statute. The defendant removed it to federal district court because the action arose under federal law. The district court determined, however, that the plaintiff did not have standing, either under federal *or*

---

3. "At the time, petitioner did not realize that grounds for removal were improper, and that in fact there was no 'original federal jurisdiction'." Second Memorandum of Law attached to Affidavit of Gary W. Miles, attorney for petitioner (Docket # 7).

4. As the respondent itself states in its Memorandum of Law, "[t]his court has nothing properly pending before it which it might convert to an action at law, as requested by petitioner's application." (Respondent's Memorandum at 8).

state procedural law, and dismissed the action rather than remanding it. The First Circuit (Breyer, J.) vacated the judgment and directed the district court to remand the case to state court because of the possibility, however remote, that the state court would allow the plaintiff to go forward under Maine procedural law. "Maine procedural law is a matter for the Maine state courts to decide." *Id.*

The situation in the present matter is similar; determination of whether to convert the petitioner's special proceeding is an issue of state procedural law. Although it is unlikely that the state court will do so, this court finds the reasoning in *M.A.I.N.* to be persuasive, and therefore remands this matter to the Supreme Court of the State of New York, Oneida County.

*The Union's Motion for Rule 11 Sanctions*

■ The Union seeks sanctions pursuant to Fed.R.Civ.P. 11 because it was forced to remove this proceeding from state court a second time. Though petitioner's actions may be worthy of sanction, the Union's decision to remove the matter was not the only response available to it. The Union could have appeared at a hearing on the petitioner's order to show cause and made its arguments to the state court.

■ In any case, this court is not at liberty to impose sanctions upon the petitioner for filing the order to show cause in state court. Rule 11 has no retrospective application to initiatory papers filed in state court, even if the action is subsequently removed to federal court. *Mareno v. Jet Aviation of Am., Inc.,* 970 F.2d 1126, 1128 (2d Cir.1992).

*Mareno* presents a situation similar to the one here. The plaintiff's wrongful discharge action had been dismissed by the federal court for lack of personal jurisdiction. Following the dismissal, the plaintiff commenced an identical action in New York state court, which the defendants removed to federal court. The district court imposed Rule 11 sanctions upon the plaintiff, which were vacated by the Second Circuit. Despite the obviously frivolous nature of the second action, the Second Circuit held that sanctions were inappropriate because the complaint in

the that action was filed in state, not federal, court. *Id.* at 1128–29. Sanctions are clearly inappropriate here, as well.

For the above reasons, it is hereby

ORDERED, that respondent's motion for Rule 11 sanctions is DENIED, and it is further

ORDERED, that this matter is RE-MANDED to the Supreme Court of New York, Oneida County, and it is further

ORDERED, that the Clerk mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, Oneida County, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**