**Sidney GROSSMAN, Plaintiff,**

v.

**The SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and the New York State Employees Retirement System, Defendants.**

No. CV 91–1795.

United States District Court, E.D. New York.

Nov. 20, 1991.

**1102**

Kranz, Davis & Hersh by Harry D. Hersh, Hauppauge, N.Y., for Sidney Grossman.

James Catterson, Suffolk County Dist. Atty., Riverhead, N.Y., for Suffolk County Dist. Attorney's Office.

Robert Abrams, New York State Atty. Gen. by Ralph J. Bavaro, Hauppauge, N.Y., for New York State Employees Retirement System.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above referenced case, plaintiff Sidney Grossman ("plaintiff"), seeks to enjoin the New York State Employees Retirement System ("NYSERS"), the Suffolk County District Attorney's Office ("District Attorney") and their officers, agents and employees from forcing him to either change pension plans or give up his job. He brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"), the Equal Protection Clause of the Fourteenth Amendment, and the New York State Human Rights Law, New York Executive Law § 296. NYSERS moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and District Attorney joins this motion as to the dismissal of the pendent state claim.

## I. BACKGROUND

Grossman, a 64 year old Detective Lieutenant, has worked for Suffolk County since 1967 and is presently employed by the District Attorney. Grossman alleges that in November 1988 he was told by a representative of NYSERS that he would be terminated unless he would change his pension plan from the plan provided under New York Retirement and Social Security Law § 89–d to the less advantageous plan provided under New York Retirement and Social Security Law § 75–g. He further alleges that individuals under the age of 62 are not required to make this change.

## II. MOTION TO DISMISS

It is well settled that a complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80, (1957). Moreover, on a motion to dismiss, the allegations in the plaintiff's complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

Defendant, NYSERS moves to dismiss this complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on four grounds: (1) the complaint is barred by the Eleventh Amendment to the United States Constitution; (2) NYSERS is not an employer within the meaning of the ADEA; (3) NYSERS is not a person within the meaning of 42 U.S.C. § 1983; and (4) the pendent state claim is barred by New York Executive Law § 297(9). The District Attorney joins this motion to the extent it seeks the dismissal of the pendent state claim.

### A. *Eleventh Amendment Grounds*

The Eleventh Amendment bars federal courts from hearing "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933). NYSERS first argues that plaintiff's claims against it are barred because the Eleventh Amendment deprives this Court of jurisdiction over the State in a suit brought by a citizen of that State. *Edelman v. Jordan*, 415 U.S. 651, 662–63, 677–78, 94 S.Ct. 1347,

1362–63, 39 L.Ed.2d 662 (1974); *Employees v. Department of Public Health & Welfare*, 411 U.S. 279, 280, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973). It is uncontested that NYSERS is the State of New York for purposes of the Eleventh Amendment, *see Russell v. Dunston*, 896 F.2d 664, 665 (2nd Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 50, 112 L.Ed.2d 26 (1990); *Trotman v. Palisades Interstate Park Com'n*, 557 F.2d 35, 38 (2nd Cir.1977), and that the state has not consented to be sued in federal court.[1]

### 1. Pendent State Claim

■ It is well-settled that "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 251, 105 S.Ct. 1245, 1260, 84 L.Ed.2d 169 (1985) (quoting *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984)). Accordingly, plaintiff's pendent state claim under New York Executive Law § 296 is barred by the Eleventh Amendment as against NYSERS.[2]

### 2. Fourteenth Amendment Claim

■ The Eleventh Amendment also bars plaintiff's Fourteenth Amendment claim against the state defendant. Although Grossman seeks an injunction against NYSERS, its officers, agents and employees, he has not named any state defendant other than NYSERS itself. In *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court held that a plaintiff seeking prospective relief from a state must name as a defendant a state official rather than a state or a state agency. *See Pennhurst*, 465 U.S. at 102, 104–05, 104 S.Ct. at 909, 910. Grossman has not availed himself of this *Ex parte Young* "fiction" in framing his complaint, and therefore his Fourteenth Amendment claim against the state must also be dismissed.[3] *Santiago v. New York State Department of Correctional Services*, 945 F.2d 25 at 32, 56 Fair Empl.Prac.Cas. (BNA), 1442 (2nd Cir.1991).

### 3. ADEA Claim

■ Plaintiff's final basis for relief against the state defendant is his allegation that NYSERS violated the ADEA. Against this claim, the Eleventh Amendment fails as a defense.

The Eleventh Amendment does not bar federal actions against a state under an act passed by Congress pursuant to its powers to enforce the prohibitions of the Four-

---

**1.** "[I]f a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238, 242, 105 S.Ct. 3142, 3145, 3147, 87 L.Ed.2d 171 (1985).

**2.** Alternatively, plaintiff's pendent state claim can be dismissed because he filed a complaint based on the same allegations with the New York State Division of Human Rights on December 8, 1988. The complaint was dismissed on March 22, 1991 for failure to state a cause of action. New York Executive Law § 297(9) provides that a person claiming aggrievement by unlawful discriminatory practices may elect to seek relief in either an administrative or a judicial forum. However, "once a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is generally barred." *Marine Midland Bank v. Division of Human Rights*, 75 N.Y.2d 240, 245, 552 N.Y.S.2d 65, 67, 551 N.E.2d 558,

560 (1989), *reconsideration denied,* 75 N.Y.2d 947, 555 N.Y.S.2d 694, 554 N.E.2d 1282 (1990). The only exception to this bar, is when the Division of Human Rights dismisses a case for "administrative convenience," a situation which is inapplicable to the facts of this case.

**3.** Plaintiff alleges that NYSERS violated his rights under the Equal Protection Clause, Section 1 of the Fourteenth Amendment. In *Santiago,* the Second Circuit held that a suit for retroactive damages against a state agency under Section 1 of the Fourteenth Amendment cannot be permitted in federal court. "Something more than Section 1's imposition of substantive duties on the states seems to be needed before one may conclude that Congress has clearly stated its intent to abrogate immunity." *Santiago* at 30. Thus, even if plaintiff amends his complaint to name NYSERS officials, he would clearly be precluded from recovering retroactive damages and would likely be barred from injunctive relief for his Fourteenth Amendment claim.

teenth Amendment if Congress clearly evinced its intent that the states are to be liable for violations of that act. *Atascadero*, 473 U.S. at 238, 242, 105 S.Ct. at 3145, 3147; *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). The majority of courts examining the issue have held that the ADEA satisfies the preceding conditions and that the Eleventh Amendment therefore does not bar suits made under it. *Santiago*, at 31 (*dicta*); *Davidson v. Bd. of Gov. of State Colleges & Univ.*, 920 F.2d 441, 442–43 (7th Cir.1990); *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 700 (1st Cir.1983); *Barrett v. Suffolk Transp. Services, Inc.*, 600 F.Supp. 81, 84 (E.D.N.Y.1984). *But see Black v. Goodman*, 736 F.Supp. 1042, 1045 (D.Mont.1990). This Court adopts the reasoning of the First and Seventh Circuits and holds that the Eleventh Amendment does not bar plaintiff's claim under the ADEA.

## B. *NYSERS as an Employer under the ADEA*

■ NYSERS next argues that Grossman's ADEA claim against it must be dismissed because NYSERS is not plaintiff's employer. The ADEA prohibits employers from age-based discrimination in certain areas of employment and in 29 U.S.C. § 630 it defines "employer" as including "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State...." NYSERS counters that the foregoing definition applies only where there is an employee-employer relationship pursuant to the "economic reality" test of *Hyland v. New Haven Radiology Associates, P.C.*, 794 F.2d 793 (2nd Cir.1986) and that Grossman's employer is the District Attorney, not New York State.[4]

The Fair Labor Standards Act of 1938, 29 U.S.C. § 203(a), (d), (e)(1) (1982) ("FLSA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a), (b), (f) 1982 ("Title VII") and the ADEA have nearly identical definitions of "employer." Since all three statutes seek to eradicate discrimination in var-

ious forms, cases construing the definitional provisions of one are persuasive authority when interpreting the others. *Hyland*, 794 F.2d at 796. *See Lorillard v. Pons*, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978); *Laugesen v. Anaconda Company*, 510 F.2d 307, 311 (6th Cir.1975).

In *Spirt v. Teachers Insurance & Annuity Association*, 691 F.2d 1054, (2nd Cir. 1982), *vacated and remanded on other grounds* 463 U.S. 1223, 103 S.Ct. 3565, 3566, 77 L.Ed.2d 1406 (1983), *modified*, 735 F.2d 23 (2d Cir.), *cert. denied*, 469 U.S. 881, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984), a tenured college professor brought suit under Title VII against her employer, Long Island University ("LIU") and two non-profit corporations that managed LIU's retirement plans for its tenured faculty, the Teachers Insurance and Annuity Association ("TIAA") and the College Retirement Equities Fund ("CREF"). The Second Circuit affirmed the district court's injunctions against LIU and CREF regarding the use of sex-distinct mortality tables and entered an identical injunction against TIAA.

In holding that TIAA and CREF were "employers" within the meaning of Title VII, *Spirt* states that "the term 'employer,' as it is used in Title VII, is sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether that party may technically be described as an 'employer' of an aggrieved individual as that term has generally been defined at common law." *Id.* at 1063, (quoting *Vanguard Justice Society, Inc. v. Hughes*, 471 F.Supp. 670, 696 (D.Md.1979)). *See Los Angeles Dept. of Water & Power v. Manhart*, 435 U.S. 702, 718 n. 33, 98 S.Ct. 1370, 1380 n. 33, 55 L.Ed.2d 657 (1978) ("We do not suggest, of course, that an employer can avoid his responsibilities by delegating discriminatory programs to corporate shells. Title VII applies to 'any agent' of a covered employer....") Further, *Spirt* notes that TIAA and CREF's sole purpose for existing is to enable uni-

---

4. In *Hyland,* the Second Circuit declined to follow *E.E.O.C. v. Dowd & Dowd, Ltd.,* 736 F.2d 1177 (7th Cir.1984), and instead took an expansive view of the "economic reality" test, holding

that shareholders in professional corporations are always "employees" for purposes of the ADEA.

versities to delegate their responsibility to provide retirement benefits for their employees, that tenured professors had to participate in the TIAA–CREF plans, and that LIU shares in the administrative responsibilities resulting from their employees' participation in the plans.[5] *Spirt,* 691 F.2d at 1063.

Similarly, Grossman alleges that he is required to participate in retirement plans set up by NYSERS, an agency created by the New York Retirement and Social Security Law solely to administer the retirement plans of certain state and local public employees. Further, he alleges that a representative of NYSERS informed him, on the basis of his age, that he had to either change his retirement plan to one which provides reduced benefits or accept termination from his job.

The ADEA is a remedial statute "and must be given a liberal interpretation in order to effectuate its purpose[ ]," *Hyland,* 794 F.2d at 796; *Zimmerman v. North American Signal Co.,* 704 F.2d 347, 353 (7th Cir.1983), the prohibition of age discrimination by employers against their employees. *Hyland,* 794 F.2d at 796; *Levine v. Fairleigh Dickenson University,* 646 F.2d 825, 828 (3d Cir.1981). Under these circumstances the Court holds that NYSERS is Grossman's "employer" under the ADEA and can be enjoined from violating that act.

**C.** *State Agency Is Not a Person under 42 U.S.C. § 1983*

NYSERS' final ground for dismissal is its contention that a suit against it cannot be maintained because it is not a "person" within the meaning of 42 U.S.C. § 1983. No doubt NYSERS is correct in this assertion, *see Will v. Michigan Department of State Police, et al.,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989), but Grossman has never alleged a § 1983 violation nor has NYSERS argued that *Will* has any relevance to a case brought under the ADEA. Defendant's motion on § 1983 grounds is therefore denied.

**D.** *Pendent State Claims as to Defendant District Attorney*

As discussed above, New York Executive Law § 297(9) bars plaintiff from seeking a judicial resolution of his § 296 claim because he previously elected to bring his claim before an administrative forum, the New York State Division of Human Rights. For this reason, the pendent state claim against the District Attorney is dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant NYSERS' motion to dismiss is granted as to plaintiff's claim brought under the Fourteenth Amendment and his pendent claim brought under New York Executive Law § 296 and denied as to the claim brought under the ADEA. Defendant District Attorney's motion to dismiss the pendent state claim is granted.

SO ORDERED.

---

**5.** *See Carter v. Dutchess Community College,* 735 F.2d 8, 12–13 (2d Cir.1984) (under "economic reality" test Dutchess Community College was held the "employer" of a prison inmate for pur-

poses of the FLSA; although prison authorities exercised ultimate control over the plaintiff's living and working conditions, the College exercised "substantial control").