**Dora TUMMINELLO, Plaintiff,**

v.

**CONTINENTAL BAKING COMPANY, Defendant.**

No. 93 Civ. 6086 (VLB).

United States District Court, S.D. New York.

Aug. 22, 1994.

Michael H. Sussman, Goshen, NY, for plaintiff.

Joseph DeGiuseppe, Jr., White Plains, NY, for defendant.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

In this employment discrimination case, plaintiff alleges that she was dismissed in 1992 as a store manager based upon a back injury which she overheard a supervisor indicate should cause her replacement. The defendant employer asserts that the dismissal was based on breaches of company rules. Plaintiff contends that her work was exemplary and that any infractions consisted of small gifts of store merchandise to legitimate charities as a means of obtaining community good will for the store and similar acts which were insubstantial, whereas extremely serious violations by others were ignored by the employer.

II

Despite enactment of the Americans With Disabilities Act, 42 U.S.C. 12101 *et seq.*, this suit was brought solely under New York State Executive Law 296. The case was initially filed in state court and removed by the defendant employer based upon diversity of citizenship.

The defendant has moved for summary judgment dismissing the suit on the ground that plaintiff had "filed a complaint" with the Orange County Human Rights Commission, constituting an election of remedies under Executive Law 297(9) unless the agency dismissed the matter for administrative convenience—an event which has not occurred.

The motion is denied.

### III

■ State procedural limitations upon state-created claims, including those imposed by New York Executive Law 297(9) must be enforced in diversity of citizenship cases, see *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 256–57 (2d Cir.1991), *cert. denied* —— U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992), even though a claim alleging the same facts based upon federal antidiscrimination laws could proceed notwithstanding failure to satisfy state procedures. *Long v. AT & T*, 733 F.Supp. 188 (S.D.N.Y.1990); *Grossman v. Suffolk County*, 777 F.Supp. 1101 (E.D.N.Y.1991); *Carter v. AT & T*, 759 F.Supp. 155 (S.D.N.Y.1991).

■ The bar imposed by section 297(9) is imposed when and only when an aggrieved person "had filed a complaint. . . ." The procedure for doing so is set forth in New York Executive Law 297(1), which provides that an aggrieved person may "sign and file . . . a verified complaint in writing. . . ."

It is undisputed that plaintiff contacted the Orange County Human Rights Commission to request its intervention, but she denies filing a written complaint, and defendant has been unable to produce one notwithstanding access to the agency's records under the state freedom of information procedures.

There is no evidence that a case number was ever assigned to the matter. This suggests that plaintiff's contact with the agency was not treated as a complaint.

### IV

New York legislative policy, expressed in § 297(9) and in the state's "whistleblower" statute (New York Labor Law 740) disfavors overlapping litigation permitting a party to attempt to obtain two opportunities to win before differing tribunals. In the present instance the risk of permitting resort to dual adjudication—by an agency and a court—is inapplicable.

To stretch section 297(9) to cover informal contacts with an agency would be unrealistic and also contrary to the policy of promoting informal resolution of employment disputes. *Chambers v. Capital Cities*, 851 F.Supp. 543, 546 (S.D.N.Y.1994); 29 U.S.C. 171(a). Treating oral discussion alone with an agency or even production of documents as an event carrying far-reaching irrevocable consequences would also create a "trap for [the] unsuspecting" of the kind widely disapproved in the legal community, as illustrated by the Advisory Committee Notes to the 1993 amendments to the Federal Rules of Appellate Procedure (Fed.R.App.P. 4(a)(4)).

### V

Plaintiff's counsel states in a memorandum of law in opposition to defendant's motion that sanctions should be imposed on defense counsel under Fed.R.Civ.P. 11. The request for sanctions, apart from not being filed as a motion, disregards the requirements of the 1993 amendments to Rule 11. See *Mareno v. Jet Aviation*, 155 F.R.D. 74, 76 (S.D.N.Y. 1994). The application is denied.

### VI

To the extent that factual submissions by the parties are indicative of the underlying situation, this case may lend itself to informal dispute resolution involving high level managers of the defendant company who were not personally involved in the dispute with the plaintiff. This dispute may also lend itself to impartial mediation involving neutral evaluation of the background of the dispute and options for its resolution.

Congress has directed the courts to seek to promote such approaches where feasible. Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat 5089, enacting 28 U.S.C. 473. The parties are directed to discuss these and any other avenues that might lead to settlement and to report to the court

by conference telephone call within 30 days of the date of this memorandum order.

SO ORDERED.