■ WILLIAM MENEELY et al., Respondents, v HITACHI SEIKI USA et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Collins, J.), dated December 12, 1989, which denied their motion to dismiss the complaint based upon the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to dismiss the complaint is granted, and the complaint is dismissed.

Within six months after the plaintiffs' Federal action was dismissed due solely to the absence of diversity jurisdiction, and subsequent to the expiration of the applicable limitation periods, the plaintiffs attempted to commence a new action based upon the same transactions in the Supreme Court, Nassau County. The defendants moved to dismiss the State action as time-barred, arguing that because the Federal action was never properly commenced due to improper service of process, the plaintiffs were not entitled to the six-month extension to institute a new action under CPLR 205 (a).

Specifically, and as they had also contended in the District Court, the defendants argued that the plaintiffs' use of mail to effectuate extra-territorial service of process upon them in the Federal action was impermissible under the Federal Rules of Civil Procedure, and that as a result, the Federal action was never properly commenced.

The Supreme Court denied the defendants' motion to dismiss, reasoning, *inter alia,* that the District Court's holding with respect to use of mail service in the Federal action constituted the law of the case and was binding upon it in the State action. We disagree and reverse.

Although the District Court dismissed the plaintiffs' Federal action, it did so only upon the narrow ground that the requisite diversity of citizenship had not been established. The District Court specifically declined to consider any of the defendants' additional defenses, including the defense that the use of mail to accomplish extra-territorial service of process was improper. Accordingly, the District Court made no finding and expressed no opinion with respect to the issue of proper service upon which a "law of the case" holding can be premised *(see, Martin v City of Cohoes,* 37 NY2d 162, 165).

Turning to the merits of the service issue, we are in accord with the defendants' assertion that the plaintiffs' Federal action was never properly commenced. Although Federal Rules of Civil Procedure, rule 4 was amended in 1983 to permit service by first class mail in Federal District Courts *(see,* Fed Rules Civ Pro, rule 4 [c] [2] [C] [ii]), Federal Rules of Civil Procedure, rule 4 (f) nevertheless, "restricts service to within the territorial limits of the state in which the district court is held unless service is otherwise authorized by a federal statute or Rule" *(Thermo-Cell Southeast v Technetic Indus.,* 605 F Supp 1122, 1123-1124; *see,* 2 Moore, Fed Prac ¶ 4.42; Siegel, Practice Commentaries, Fed Rules Civ Pro, rule 4, 28 USCA Fed Rules Civ Pro, rule 4, C4-25, 1991 Supp Pamph, at 46-50). The clear weight of Federal authority is to the effect that the mail service provision may not be employed to expand the territorial limitations prescribed by Federal Rules of Civil Procedure, rule 4 (f) in diversity cases involving out-of-State defendants *(see, Datskow v Teledyne, Inc.,* 899 F2d 1298, 1302, *cert denied* — US —, 111 S Ct 149; Fed Rules Civ Pro, rule 4 [e], [f]; *see also, Matesic v Curtiss-Wright Corp.,* 128 FRD 30, 31 [WD NY]; *Poulos v Wilson,* 116 FRD 326 [D Vt]; *Catalyst Energy Dev. Corp. v Iron Mountain Mines,* 108 FRD 427 [SD NY]; *Grosser v Commodity Exch.,* 639 F Supp 1293, 1315-1316, *affd* 859 F2d 148; *Thermo-Cell Southeast v Tech-*

*netic Indus., supra; May Co. v Hyatt,* 98 FRD 569 [SD NY]). Moreover, while Federal Rules of Civil Procedure, rule 4 (c) (2) (C) (i) allows service by any means permissible under State law, the defendants correctly point out that when the plaintiffs' service was attempted in 1987, New York State did not authorize service of process by mail *(see, Datskow v Teledyne Inc., supra,* at 1302; *see also,* CPLR 312-a, as amended by L 1989, ch 274; Siegel, NY Prac § 76A [2d ed 1990]).

Since the method of service employed in the District Court was authorized neither by the Federal rule nor by State statute, the plaintiffs' Federal action was never "commenced" within the meaning of CPLR 205 (a) *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 287; *Parker v Mack,* 61 NY2d 114, 117; *Prevost v Hartman,* 103 AD2d 842; *cf., Fleming v Long Is. R. R.,* 72 NY2d 998, 999). As a consequence, the plaintiffs were not entitled to commence a new, but otherwise time-barred action in the Supreme Court pursuant to CPLR 205 (a) *(see, Markoff v South Nassau Community Hosp., supra; Parker v Mack, supra; Prevost v Hartman, supra; Frerk v Mercy Hosp.,* 99 AD2d 504, 505, *affd* 63 NY2d 635; *see also, Carrick v Central Gen. Hosp.,* 51 NY2d 242, 250; *Erickson v Macy,* 236 NY 412, 414-415). In light of the foregoing, the defendants' motion to dismiss the plaintiffs' action as untimely should have been granted. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.