OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented on this motion by plaintiff to strike the affirmative defense of the Statute of Limitations is whether she is entitled to the benefit of the six-month extension of CPLR 205 (a) when a prior action by her against defendant herein and others was dismissed as against the defendant because it was added as a party without leave of court.
Plaintiff was a passenger in a vehicle driven by Francis Hamilton which was involved in a two-car collision in March of 1989. The other car was owned and driven by James Phillip. An action was then instituted by plaintiff against both drivers. Due to an unclear report concerning the license plate of the car in which plaintiff was a passenger, Manufacturers Hanover was named as a defendant as the owner of that vehicle. Upon determining that Auto Driveaway Co. (Driveaway) (defendant in this action) was the proper owner of the vehicle, plaintiff amended her complaint to name it as a party defendant, serving a supplemental summons and amended complaint on the Secretary of State on February 18, 1992.
In a decision dated July 7, 1992, Justice Ramos granted Driveaway’s motion to dismiss the claims against it by reason of plaintiff’s failure to obtain leave of court for the amendment. A motion to reargue was denied on January 27, 1993.
In December 1992 plaintiff commenced the present action. By this motion plaintiff seeks to strike the affirmative defense of the Statute of Limitations set forth in Driveaway’s answer. Plaintiff maintains that although this action was instituted beyond the three-year period of limitations, it is nevertheless timely by reason of the six-month extension contained in CPLR 205 (a), which subdivision provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action *706 and that service upon defendant is effected within such six-month period.”
The requisite predicate for the application of this section is that the terminated action must have been "timely commenced”. The crucial factor in determining timely commencement is whether personal jurisdiction was obtained within the period of limitations (Markoff v South Nassau Community Hosp., 61 NY2d 283 [1984]). Here the defense of lack of personal jurisdiction in the original action was withdrawn and thus there is no dispute as to whether service was properly and timely made in that suit.
In George v Mt. Sinai Hosp. (47 NY2d 170, 177-179 [1979]), it was said:
"[T]he function of the CPLR subdivision is to ameliorate the potentially harsh effect of the Statute of Limitations in certain cases in which at least one of the fundamental purposes of the Statute of Limitations has in fact been served, and the defendant has been given timely notice of the claim being asserted by or on behalf of the injured party. The statute is a remedial one, and as Judge Cardozo has explained '[i]ts broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts’. * * *
"The very function of that subdivision is to provide a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant’s willingness to prosecute in a timely fashion nor to the merits of the underlying claim.”
In Carrick v Central Gen. Hosp. (51 NY2d 242 [1980]), the six-month extension was allowed where plaintiff’s wrongful death action was dismissed solely for want of the appointment of a personal representative. The Court held that the prior dismissal was not a final judgment upon the merits and therefore, "a disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a]) once a qualified administrator has been appointed” (at 252), concluding that (at 249): "the fact that the prior action was so defective as to be 'tantamount to no suit whatsoever’ simply does not preclude the use of that remedial provision to revive an otherwise time-barred cause of action, *707 provided, of course, that a prior timely action, however flawed, actually was 'commenced’ within the meaning of CPLR 304”.
Notwithstanding such pronouncements,, it appears that subsequent decisions of the Court of Appeals have somewhat tightened the applicability of the section. For instance, by a four to two vote in Parker v Mack (61 NY2d 114 [1984]), the section was held inapplicable because personal jurisdiction was not obtained over the defendant in the initial action due to the fact that the defendant was only served with a bare summons, without a complaint or the notice mandated by CPLR 305. Under such circumstances the Court ruled that no action had been commenced. It was noted that the treatment of a dismissal for lack of personal jurisdiction differs from a dismissal for lack of subject matter jurisdiction, as with the former the extension is not authorized whereas with the latter it may be granted.
In Markoff v South Nassau Community Hosp. (supra), service upon the defendant pursuant to an order issued under CPLR 308 (5) was vacated because plaintiff had not made a sufficient showing to be entitled to such relief. Plaintiff was denied the six-month extension in a subsequent action on the ground that the prior action had not been timely commenced. It was ruled that "[s]ervice is only effective * * * when it is made pursuant to the appropriate method authorized by the CPLR * * * and that an action dismissed for lack of personal jurisdiction based upon improper service” (at 288) does not satisfy the timely commencement condition precedent to the invocation of CPLR 205 (a). (See also, Meneely v Hitachi Seiki USA, 175 AD2d 111 [2d Dept 1991]; Matter of Dreger v New York State Thruway Auth., 177 AD2d 762 [3d Dept 1991].)
It is observed that in 1992 the Legislature amended section 205 (a) to, in effect, codify the Markoff decision (supra) by adding the lack of personal jurisdiction in the prior action as a basis for denying the six-month extension (L 1992, ch 216).
With respect to the case at bar, it is noted that an amendment to add a defendant without having obtained prior leave of court has been held to "constitute * * * a jurisdictional defect” (Crook v DuPont de Nemours Co., 181 AD2d 1039, 1040 [4th Dept 1992], affd for reasons stated below 81 NY2d 807 [1993]).
Here, although the defect in the initial action may be referred to as "jurisdictional”, defendant does not dispute that a proper summons and complaint were validly served on it. *708 Thus, personal jurisdiction would exist except for the fact that the requisite permission for the amendment had not been procured. A motion to add a party to a lawsuit is close to being a pro forma application as there is rarely any reason to deny permission for a party to be added to a pending action. There is no prejudice to such party as, upon joinder, the new defendant is entitled to raise any defense and, if appropriate, a severance may be granted.
The purpose of the statute would be served here by recognizing the validity of plaintiffs second action. Since her original suit was actually commenced by valid service of process upon defendant within the three-year limitations period for personal injury claims, it is undisputed that defendant was given timely notice of the action, which was dismissed for procedural reasons only. Though failure to obtain leave for the amendment was fatal to the prior action, the existence of such a fatal flaw should not, in itself, be an appropriate ground for denying plaintiff the benefit of the six-month extension.
In light of the foregoing, the application to strike the affirmative defense of the Statute of Limitations is granted. The branch of plaintiffs motion in which she seeks consolidation of this action with the prior action is also granted.