Andre WATERMAN, Plaintiff–
Appellant,

v.

TRANSPORT WORKERS' UNION LO-
CAL 100, Malcolm Goldstein and
O'Donnel, Schwartz, Glanstein & Ro-
sen, Defendants–Appellees.

Docket No. 98–7986.

United States Court of Appeals,
Second Circuit.

Argued May 6, 1999.

Decided May 28, 1999.

Regina Felton, Felton & Associates, Brooklyn, N.Y., for Plaintiff–Appellant.

Diane K. Kanca, McDonough Marcus Cohn Tretter Heller & Kanca, L.L.P., New York, N.Y., for Defendants–Appellees, Malcolm Goldstein and O'Donnell Schwartz Glanstein & Rosen.

Malcolm Goldstein, O'Donnell Schwartz Glanstein & Rosen, New York, N.Y., for Defendant–Appellee, Transport Workers' Union Local 100.

Before: FEINBERG, McLAUGHLIN and LEVAL, Circuit Judges.

PER CURIAM:

Plaintiff Andre Waterman appeals from the judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*) grant-ing defendants' motion for summary judgment. *See Waterman v. Transport Workers' Union Local 100*, 8 F.Supp.2d 363 (S.D.N.Y.1998). Plaintiff was terminated from his position as a bus driver with the Manhattan and Bronx Surface Transit Operating Authority after he allegedly tested positive for cocaine following a drug test, and the termination was upheld following arbitration of a grievance brought by plaintiff's union. Plaintiff filed the instant suit against his union and the lawyer and law firm retained by the union to represent him at the arbitration, contending that the union had breached its duty to fairly represent him and that the attorneys had committed malpractice. The district court found that the claim against the union was barred by the doctrine of res judicata or, in the alternative, by the applicable statute of limitations. *See id.* at 367–70. The district court further found that the union's retained attorneys acted as agents of the union in handling a grievance under the union's collective bargaining agreement, and thus could not be sued for malpractice by an individual union member under the rule of *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 246–48, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). *See Waterman*, 8 F.Supp.2d at 369–71.

For the reasons stated by the district court, we find that plaintiff's claim against the union was barred by the statute of limitations, and that under *Atkinson* a union's attorneys may not be sued by an individual union member for actions taken pursuant to a collective bargaining agreement. We hereby adopt Parts III.A.2 and III.B of the district court's opinion, and affirm for the reasons stated therein. *See Waterman*, 8 F.Supp.2d at 368–71.

## CONCLUSION

The judgment of the district court is affirmed.